CARRIE E. BUSHMAN, ESQ. (SBN 186130)
COOK BROWN, LLP
555 CAPITOL MALL, SUITE 425
SACRAMENTO, CALIFORNIA 95814
TELEPHONE NO.: 916-442-3100
FACSIMILE NO.: 916-442-4227

Attorneys for Defendant MICHAEL ROBERT CAYSON,
dba "C I E"

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, ET AL.,<br><br>Plaintiff(s),<br><br>v.<br><br>MICHAEL ROBERT CAYSON, an individual doing business as "C I E",<br><br>Defendant(s). | Case No. CV 10-4057-RGK (MANx)<br><br>**PROTECTIVE ORDER**<br><br>**Discovery Matter Assigned to Honorable Margaret A. Nagle** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order, filed on November 19, 2010, the terms of the protective order to which the parties have agreed are adopted as a protective order of the Court **except to the extent, as set forth below, that those terms have been modified by the Court.**

The parties are expressly cautioned that the designation of any information, document, or thing as "CONFIDENTIAL" or other designation(s) used by parties does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Order or to the parties' designation of any information, document, or thing as "CONFIDENTIAL" or other designation(s) used by parties is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and

1  records in civil cases.  In connection with non-dispositive motions, good cause must be shown to
2  support a filing under seal. The parties' mere designation of any information, document, or thing as
3  "CONFIDENTIAL" or other designation(s) used by parties does not — without the submission of
4  competent evidence, in the form of a declaration or declarations, establishing that the material
5  sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable —
6  constitute good cause.

8  Further, if sealing is requested in connection with a dispositive motion or trial, then
9  compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought
10 shall be narrowly tailored to serve the specific interest to be protected.  *See* Pintos v. Pacific
11 Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information,
12 document, or thing sought to be filed or introduced under seal in connection with a dispositive
13 motion or trial, the party seeking protection must articulate compelling reasons, supported by
14 specific facts and legal justification, for the requested sealing order.  Again, competent evidence
15 supporting the application to file documents under seal must be provided by declaration.

17 Any document that is not confidential, privileged, or otherwise protectible in its entirety will
18 not be filed under seal if the confidential portions can be redacted.  If documents can be redacted,
19 then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise
20 protectible portions of the document, shall be filed. Any application that seeks to file documents
21 under seal in their entirety should include an explanation of why redaction is not feasible.

23 **TERMS OF STIPULATION FOR PROTECTIVE ORDER**

25  **1.      CONFIDENTIAL INFORMATION**
26 This Protective Order will apply to all Confidential Information.  Confidential Information is
27 testimony, written or recorded materials, and information in any other form, produced or disclosed
28 by Defendant, including the following: certified payroll records, payroll registers, time cards, payroll

ledgers, check stub registers, employee lists, contracts, tax forms, tax returns, and workers' compensation reports.

### 2. USE OF CONFIDENTIAL INFORMATION

Confidential Information will be used by the party to whom it is disclosed only for purposes of: a) this litigation; or b) calculating, collecting, and/or allocating fringe benefit contributions allegedly owed by Defendant to Plaintiffs. The party to whom the Confidential Information is disclosed will not use any Confidential Information for any business or competitive purposes.

### 3 PERSONS AUTHORIZED TO TAKE CUSTODY OF CONFIDENTIAL INFORMATION

Only the following persons shall be authorized to view, examine or obtain custody of the Confidential Information, or copies thereof:

    A. Plaintiffs, their agents and employees;

    B. Counsel for Plaintiffs, who are actively engaged in the conduct of this litigation, and any partner, shareholder, associate, law clerk, paralegal, assistant, or secretary assisting said attorneys in this litigation;

    C. Any expert retained for consultation and/or testimony in connection with this case by Plaintiffs;

    D. Court personnel (including court reporters and any special master or arbitrator appointed by the Court or stipulated or agreed to by the parties and court reporters hired by the parties to record deposition testimony); and

    E. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Those persons described in (A), (B), and (C) must, before such viewing, examination, copying, or note taking, agree in writing to be bound by and adhere to the terms of this Stipulation for Protective Order by executing a non-disclosure agreement in the form of Attachment B hereto.

### 4. RESPONSIBILITY CONCERNING CONFIDENTIAL INFORMATION

The party to whom Confidential Information is disclosed or produced will be responsible for ensuring that parties and other persons are informed of the terms of this Protective Order, but that no

one, other than the persons specified in Paragraph 3, *supra*, is informed of the substance of any Confidential Information disclosed or produced. Before disclosing Confidential Information to any person, other than those persons described in subparagraphs (D) and (E), counsel will obtain from that person a written agreement to be bound by the terms of the Protective Order in the form of Attachment B hereto.

### 5. NON-DISCLOSURE

No person authorized to view, examine or copy the documents or information, or to make notes therefrom, may disclose any portion of said documents or information to any person and/or entity not authorized hereunder. No reproduction or photocopies are to be viewed, examined, or maintained by any person or entities outside of those persons described in Paragraph 3, *supra*. All documents subject to this Protective Order shall be marked with the word "Confidential."

Any deposition testimony concerning Confidential Information will also be considered Confidential Information and will be subject to the terms of this Protective Order. Arrangements shall be made by the parties or with the court reporter taking and transcribing such testimony to separately bind such portions of the transcript containing information designated as "Confidential," and to label such portions appropriately. Deposition testimony regarding Confidential Information shall be taken only in the presence of those persons specified in Paragraph 3, *supra*. The parties are not waiving their rights to object to the presence of any such persons at such depositions.

### 6. DOCUMENTS REVEALED TO THE COURT

Whenever any party wishes to file with the Court, introduce, or use at trial, a hearing, or any other proceeding any Confidential Information, that party shall provide written notice to all parties and to the Court prior to disclosing or filing the Confidential Information. Thereafter, any party may move the Court by application or noticed motion, pursuant to Rule 79-5.1 of the Local Rules of the United States District Court for the Central District of California (or other applicable court rule regarding filing documents under seal), to have all filings and disclosures containing Confidential Information filed under seal. If the party moves the Court in this fashion, all such filings and disclosures containing Confidential Information shall be lodged and filed in the manner set forth in Rule 79-5.1 (or other applicable court rule regarding filing documents under seal) until the Court

makes such rulings and provides instruction to the parties on how to file such Confidential Information thereafter.

As an alternative to filing Defendant's time and/or payroll records under seal, the parties may opt to redact the documents to conceal the employee's address, first name, and first five digits of his/her social security number, and then file the redacted documents pursuant to standard filing procedures.

### 7. SURRENDER OF DOCUMENTS AT CONCLUSION OF LAWSUIT

On final disposition of this action, counsel for any party having possession, custody or control of Confidential Information produced in the course of discovery, or otherwise, in this action will promptly return all original documents and tangible items covered by this Order to counsel for the party who produced them and will destroy all copies, transcripts, notes, and extracts containing confidential information except those marked as exhibits during trial.

### 8. ADMISSIBILITY IN COURT

Nothing in this Protective Order affects, in any way, the admissibility of any documents, testimony, or other evidence at trial.

### 9. VIOLATION OF ORDER

Upon any claimed or alleged violation of this Protective Order or any portion thereof, the non-violating party is entitled to seek appropriate relief, if any, including, but not limited to, the imposition of sanctions.

### 10. MODIFICATION

Any modification of this Protective Order shall be pursuant to court order.

**IT IS SO ORDERED.**

DATED:  December 17, 2010

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT B

# NON DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered by the United States District Court for the Central District of California in the action entitled *Trustees of the Southern California IBEW-NECA Pension Plan, et al. v. Michael Robert Cayson dba C I E*, Civil Action No. CV 10-4057-RGK (MANx), and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further order of this court. I hereby consent to the jurisdiction of said court for purposes of enforcing this order.

Dated: _____        By:_____